## CIRCUIT COURT OF ROANOKE COUNTY

Mary A. Beckner

v.

Virginia Employment Commission

October 17, 1979

By JUDGE LAWRENCE L. KOONTZ, JR.

The above matter is before the Court on a petition for review of a decision of the Virginia Employment Commission determining eligibility for unemployment compensation benefits. The petition for review, while timely filed, failed to name as a party defendant the employer of the petitioner as required by Virginia Code Section 60.1-67. The Virginia Employment Commission filed a motion to dismiss for lack of jurisdiction and the petitioner filed a motion to amend to include the employer as a party defendant.

In the petitioner's brief in support of her motion to amend, the petitioner correctly points out that Virginia has adopted the view that amendments in general shall be liberally granted in furtherance of the ends of justice. Specifically, Virginia Code Section 8.01-5(A) provides that no action or suit shall abate or be defeated by the nonjoinder of parties and that new parties may be added at any time as the ends of justice may require. It is clear that the primary purpose of this so-called modern trend is to permit litigants a fair and impartial hearing on the merits of their case rather than to be defeated prior to such a hearing on some technicality of procedure. When the Court is dealing with a common law action, there can be no real justification for any other rule.

In the present case, however, the Court is dealing with an administrative act which is purely a creature of statute and is compelled to look to that statute for

procedural rules where specified. In the present case, Virginia Code Section 60.1-67 establishes judicial review and in clear and mandatory language sets forth the procedure to be followed by the petitioner to secure that review. This code section clearly requires that within ten days after the decision of the Commission, the aggrieved party may secure judicial review by commencing an action against the Commission for the review of its decision "in which action any other party to the procedures before the Commission shall be made a defendant." It is particularly significant that this code section limits the scope of the judicial review granted and does not grant a hearing on the merits in the traditional sense. The concept of a fair hearing on the merits is embodied in the hearing provided before the Commission rather than before a court by this statutory framework.

The above distinction seems to clearly clarify the application of Virginia Code Section 8.01-5(A) and the related rules of the Supreme Court and thereby requires this Court to require the petition in this case to comply with the clear language of Section 60.1-67. Without such compliance, this Court's potential jurisdiction over the subject matter is not perfected and consequently no actual jurisdiction is conferred upon it.

For these reasons, the motion to dismiss is granted and the motion to amend is denied.